# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re:  Robert Cave | : | Bk. No.: 18 – 11235 – elf |
| | : | Chapter 7 |
| Stacia Parker | : | Adv. No.: 18 – 00127 – elf |
| Plaintiff | : | |
| v. | : | |
| Robert Cave | : | |
| Defendant | : | |

## DEBTOR ROBERT N. CAVE'S MOTION, PURSUANT TO
## FEDERAL RULE OF CIVIL PROCEDURE 11, FOR SANCTIONS

Debtor, Robert N. Cave, by and through his attorney, Demetrius J. Parrish, Esquire, respectfully requests this Honorable Court to examine the recent filing of a *Complaint Objecting to Dischargeability of Certain Debt Pursuant to Section 523(a)(6) of the Bankruptcy Code* by Damien Nicholas Tancredi, Counsel for Creditor Stacia Parker, and, after examination and consideration of the facts surrounding that filing, to impose appropriate sanctions on Counsel, and represents to this Court as follows:

### RELEVANT PARTIES

1. The Movant in this Motion for Sanctions is the Debtor, Robert N. Cave.

2. The Respondent in this motion is counsel for Creditor Stacia Parker, Damien Nicholas Tancredi of the law firm Flaster Greenberg, P. C.

## BACKGROUND ALLEGATIONS

3.  The Debtor owes Creditor Stacia Parker the sum of $50,000.00 awarded her pursuant to a civil action complaint sounding in Negligence in the Philadelphia Pennsylvania Court of Common Pleas. (Please see Exhibit "A" attached hereto, which is a copy of that state court Civil Action Complaint).

4.  In that state court action, Plaintiff Parker claimed damages in the Philadelphia Action resulting from a motor vehicle accident in which Semiyah Cave, Defendant's daughter, struck the Plaintiff's home while operating the Debtor's car in a negligent matter, causing significant damage to her property.

5.  The Complaint alleged two counts, both of which sounded in Negligence and neither of which referenced any intentional, willful or malicious conduct.

6.  The matter was sent to and decided by a panel of Arbitrators who found in Creditor Parker's favor on November 1, 2017 and awarded her damages that date in the amount of $50,000.00; that award was certified on January 12, 2018.

7.  The award of $50,000.00 was made, without commentary, by Arbitrators who did not issue a detailed set of factual findings regarding the underlying automobile accident or Debtor Cave's acts or failures to act.

8.  On February 24, 2018, Debtor Robert Cave filed a voluntary bankruptcy petition pursuant to chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

9.  The $50,000.00 debt to Creditor Stacia Parker was listed among the debts that were owed and for which discharge was sought.

10. After the first meeting of the Debtor's creditors on April 19, 2018, Debtor's

Chapter 7 Trustee, Terry Dershaw, certified that no distribution would be made to creditors.

11. With that certification, Trustee Dershaw certified that the $50,000.00 debt to Creditor Stacia Parker was dischargeable.

## OPERATIVE ALLEGATIONS

12. On or about June 1, 2018, Attorney Damien Nicholas Tancredi, Esquire, a member of the law firm of Flaster Greenberg, filed an Adversary Complaint Objecting to Dischargeability of Certain Debt Pursuant to Section 523(a)(6) of the Bankruptcy Code (hereinafter "Adversary Complaint"), Adversary No.: 18 - 00127, on behalf of Creditor Stacia Parker,.

13. Attorney Tancredi contended in the Adversary Complaint, on behalf of Creditor Parker, that:

> "10. The Debtor's debts owed to the Plaintiff are not dischargeable pursuant to 11 U.S.C. § 523(a)(6) because they constitute willful and malicious injury to the Plaintiff's property.
>
> 11. The Debtor's injury to the Plaintiff was willful because it was intentional and deliberate as the Debtor was undeniably aware that Semiyah was not covered by his insurance when he permitted her to drive his vehicle.
>
> 12. The Debtor's injury to the Plaintiff was malicious because the Debtor was certain that Semiyah's accident would cause financial harm. The Debtor knew that he would not be able to pay damages that Semiyah caused by operating his vehicle but permitted his vehicle to still be operated by his daughter."

14. Attorney Tancredi electronically signed the Adversary Complaint and presented it to the Court.

15. Under Rule 11(b) of the Federal Rules of Civil Procedure ("FRCP"), regarding Representations to the Court.

"(b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; ..."

16. Thus, in electronically signing and filing the Adversary Complaint on Creditor Parker's behalf, Attorney Tancredi certified to this Court that: 1) the filing was not made for dilatory or harassment purposes; 2) that the legal contentions were warranted by existing law or by a non-frivolous argument for extending the law; and/or 3) that the factual contentions had or will have evidentiary support.

## THE RULE 11(b) VIOLATION

17. In advancing the Adversary Complaint to the Court, Attorney Tancredi in essence asserted that, because the Debtor must have known that his daughter was not covered by his insurance when he allowed her to drive his car (Para. 11), the Debtor was certain that his daughter would cause financial harm that his insurance would not cover (Para. 12); therefore, his actions were willful and malicious within the meaning of 11 U. S. C §523(a)(6).

18. The argument suggests that Defendant Cave deliberately sent his daughter out in his car knowing that she would harm someone, but that his insurance would

not cover the damage.

19. To be frivolous, a claim must rely on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke v. Williams, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.1989); Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir.1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

20. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. Neitzke v. Williams, supra at 324 (1989).

21. The assertion that, because Debtor Cave knew that his daughter was not insured to drive his car, when he let her drive it, he knew she would cause harm that his insurance would not cover, is frivolous.

22. Pennsylvania Rule of Civil Procedure 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." This rule has been construed to mean that the complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim. Dickerson v. Brind Truck Leasing, 524 A.2d 908, 910 (Pa. Super. 1987). This rule requires a plaintiff to plead all the facts that must be proved in order to achieve recovery on the alleged cause of action. Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products, Inc., 868 A.2d 624 (Pa. Cmwlth. 2005). "In this Commonwealth, the pleadings must define the issues and thus every act or performance essential to

that end must be set forth in the complaint.  <u>Santiago v. Pennsylvania National Mutual Casualty Insurance Co.</u>, 418 Pa.Super. 178, 185, 613 A.2d 1235, 1238 (1992).

23. Pennsylvania Rule of Civil Procedure 1019(b) provides that "Malice, intent, knowledge and other conditions of mind may be averred generally." Pa.R.C.P. **1019**(b).

24. First, there is no support in the state court pleadings that any allegations other than those sounding in negligence were ever made; no allegations of intentional conduct, malice or knowledge were ever made.  (See Exhibit "A", which is a copy of the Civil Action Complaint filed in state court.)

25. Where the lower court pleadings were limited to those sounding in negligence, consideration of intentional conduct, malice or knowledge would not have been relevant to the state civil action and would not have been reflected in any judgment rendered.

26. Second, there is no evidence of record to support a contention that, with respect to allowing his daughter to drive his car, his actions were anything other than negligent; there is no evidence to support a contention that Debtor Cave acted intentionally, maliciously or with any amount of knowledge.

27. Furthermore, in advancing the Adversary Complaint in this Bankruptcy Court, Attorney Tancredi acknowledged that the Debtor's actions had been negligent, that he "negligently entrusted" his car to his daughter. (Adversary Complaint, Para. 5).

28. Where there was no evidence of intentional conduct in the lower court action,

Attorney Tancredi had no way of proving or demonstrating that, with respect to the injuries Creditor Parker sustained as a result of the automobile accident, Debtor Cave acted willfully, maliciously or intentionally.

29. In electronically signing the Adversary Complaint and filing it with the Court, Attorney Tancredi certified that he had conducted a reasonable investigation into the substance of the allegations advanced, and that the allegations were not being advanced for purposes of harassment or delay, that they were not being made simply to drive up the Debtors litigation expenses, and that they had a reasonable basis in law. (FRCP Rule 11).

30. The Adversary Complaint advanced by Attorney Tancredi was legally and factually without merit, and he knew from the reasonable investigation he certified that he made that the state court pleadings made no allegations of intentional conduct and that he had no evidence to support the claims in that Adversary Complaint.

31. Therefore, Attorney Tancredi violated FRCP Rule 11 in advancing an Adversary Complaint that was wholly frivolous, that had no evidentiary support, and that had no legal support.

**WHEREFORE**, Debtor Cave respectfully requests this Honorable Court to find that Attorney Tancredi's act of advancing Adversary Complaint No. 18 – 00127 violated FRBP Rule 9011.

Respectfully submitted,

/s/ Demetrius J. Parrish, Jr.
Demetrius J. Parrish, Esquire
Attorney for Debtor Robert N. Cave

# **EXHIBIT "A"**

**USTED ESTA ORDENADO COMPARECER EN** Arbitration Hearing — 1880 JFK Blvd. 5th fl. at 09:15 AM - 08/16/2017
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial denovo on appeal from a decision entered by a Judge.

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED.

*Filed and Attested by the
Office of Judicial Records
15 NOV 2016 09:34 am
M. BRYANT*

LAW OFFICES OF GEOFFREY B. GOMPERS & ASSOCIATES, P.C.
By: Geoffrey B. Gompers, Esquire
Identification No.: 42018
Two Penn Center Plaza
Suite 1850
Philadelphia, PA 19102
Attorney for Plaintiff

| | |
|---|---|
| STACIA PARKER<br>6900 Wister Avenue<br>Philadelphia, PA 19138 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| *Plaintiff* | NOVEMBER TERM, 2016 |
| vs. | NO: |
| SEMIYAH CAVE<br>740 E. Haines Street<br>Philadelphia, PA 19144 | |
| and | |
| ROBERT CAVE<br>740 E. Haines Street<br>Philadelphia, PA 19144 | |
| *Defendants* | |

## NOTICE TO DEFEND

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107-2911
(215) 238-6333

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta assentar una comparencia escrita a en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandate y requiere que usted cumpia con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NOTIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107-2911
(215) 238-6333

Case ID: 161101056

THIS IS AN ARBITRATION MATTER;
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED.

LAW OFFICES OF GEOFFREY B. GOMPERS & ASSOCIATES, P.C.
By: Geoffrey B. Gompers, Esquire
Identification No.: 42018
Two Penn Center Plaza
Suite 1850
Philadelphia, PA 19102
Attorney for Plaintiff

| | |
|---|---|
| STACIA PARKER<br>6900 Wister Avenue<br>Philadelphia, PA 19138 | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
| *Plaintiff* | NOVEMBER TERM, 2016 |
| vs. | NO: |
| SEMIYAH CAVE<br>740 E. Haines Street<br>Philadelphia, PA 19144 | |
| and | |
| ROBERT CAVE<br>740 E. Haines Street<br>Philadelphia, PA 19144 | |
| *Defendants* | |

## CIVIL ACTION COMPLAINT

Plaintiff, Stacia Parker by and through her attorney, Geoffrey B. Gompers, Esquire, hereby state the following:

1. Stacia Parker ("Parker") is an adult individual residing at 6900 Wister Avenue, Philadelphia, PA 19138.

2. At all times relevant hereto, Plaintiff, Parker was the owner of the property at 6900 Wister Avenue, Philadelphia, PA 19138.

Case ID: 161101056

3.     Defendant, Semiyah Cave resides at 740 E. Haines Street, Philadelphia, PA 19144.

4.     Defendant, Robert Cave is an adult individual residing at 740 E. Haines Street, Philadelphia, PA 19144 and on information and belief, the father of Defendant. Semiyah Cave.

5.     On or about January 5, 2015, Defendant, Semiyah Cave was the permissive operator of a 2012 Dodge Charger owned by Defendant, Robert Cave.

6.     On or about January 5, 2015, Defendant, Semiyah Cave operated the vehicle owned by Robert Cave in such a careless and negligent fashion so as to cause the vehicle to crash into and damage Plaintiff's property located at 6900 Wister Avenue causing damage.

## COUNT I
## STACIA PARKER v. SEMIYAH CAVE

7.     Plaintiff, incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

8.     At the aforesaid time and place, Defendant, Semiyah Cave, operated Robert Cave's vehicle at a high speed in such a careless and negligent manner so as to cause it to come into violent contact with the home owned by Plaintiff.

9.     The negligence of the Defendant, Semiyah Cave includes, but is not limited to the following:

(a)    operating a motor vehicle in a careless and negligent manner;

(b)    failing to yield the right of way to the Plaintiff's house;

(c)    failing to take into account the safety of Plaintiff's home, prior to operating a motor vehicle in a careless manner;

Case ID: 161101056

10. As a direct and proximate result of the collision as described aforesaid, Plaintiff's home sustained significant property and structural damage requiring repairs.

11. As a direct and reasonable result of this accident, Plaintiff sustained damage for her home and unreimbursed repair bills.

12. As a direct and reasonable result of this accident, Plaintiff may hereinafter incur other expenses for damage to her home.

WHEREFORE, Plaintiff, Stacia Parker, respectfully prays this Honorable Court to enter a judgment in her favor and against Defendant, Semiyah Cave in an amount not in excess of Fifty Thousand ($50,000) Dollars plus interests, costs.

## COUNT II
## STACIA PARKER v. ROBERT CAVE

13. Plaintiff, incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

14. At the aforesaid time and place, Defendant, Semiyah Cave, operated Robert Cave's vehicle at a high speed in such a careless and negligent manner so as to cause it to come into violent contact with the home owned by Plaintiff.

15. The negligence of the Defendant, Robert Cave includes, but is not limited to the following:

    (a)    negligent entrustment;

    (b)    failing to abide by the statutes, regulations and ordinances of this Commonwealth governing the operation of motor vehicles.

16. As a direct and proximate result of the collision as described aforesaid, Plaintiff's home sustained significant property and structural damage requiring repairs.

Case ID: 161101056

17. As a direct and reasonable result of this accident, Plaintiff incurred unreimbursed repair bills.

18. As a direct and reasonable result of this accident, Plaintiff may hereinafter incur other expenses for damage to her home.

WHEREFORE, Plaintiff, Stacia Parker, respectfully prays this Honorable Court to enter a judgment in her favor and against Defendant, Robert Cave in an amount not in excess of Fifty Thousand ($50,000) Dollars plus interests, costs.

GEOFFREY B. GOMPERS & ASSOC.

By:  /s/ Geoffrey B. Gompers
GEOFFREY B. GOMPERS, ESQUIRE

Case ID: 161101056

## VERIFICATION

STACIA PARKER states that she is the Plaintiff named within; that she is acquainted with the facts set forth in the foregoing COMPLAINT; that the same are true and correct to the best of her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Dated: November 9, 2016

_____
STACIA PARKER

Case ID: 161101056