**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In Re: Robert Cave | : | Bk. No.: 18 – 11235 – elf |
| | : | Chapter 7 |
| | : | |
| | : | |

| | | |
|---|---|---|
| Stacia Parker | : | Adv. No: 18 – 00127 – elf |
| | : | |
| v. | : | |
| | : | |
| Robert Cave | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEBTOR ROBERT N. CAVE'S MOTION, PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011 FOR SANCTIONS**

## I.    Introduction

In the instant case, Attorney Tancredi electronically signed and filed a Complaint Objecting to Dischargeability of Certain Debt Pursuant to Section 523(a)(6) of the Bankruptcy Code that advanced a frivolous, meritless argument having no support in fact or law and whose only purpose could have been to harass the Debtor and increase the costs of litigation.  As such, his actions violated Federal Rules of Bankruptcy Procedure 9011(b)(1) - (b)(3).

## II.    Issue Presented

**Issue:**        Should Attorney Tancredi be determined to have violated Federal Rules of Bankruptcy Procedure 9011(b)(1) - (b)(3) where he presented an electronically signed Complaint Objecting to Dischargeability of Certain Debt Pursuant to Section 523(a)(6) of

the Bankruptcy Code that had no support in fact or law, that

advanced a frivolous, meritless argument, and whose only purpose

was to harass the Debtor and increase the costs of litigation.

**Proposed Answer:**        Yes

## III.    Relevant Facts

Debtor Robert N. Cave owes Creditor Stacia Parker $50,000.00 awarded her

pursuant to a civil action complaint she filed against him sounding in Negligence in the

Philadelphia Pennsylvania Court of Common Pleas.  (Please see Exhibit "A" attached

hereto, which is a copy of that state court Civil Action Complaint).  In that state court

action, Plaintiff Parker claimed damages in the Philadelphia Action resulting from a

motor vehicle accident in which Semiyah Cave, Defendant's daughter, struck the

Plaintiff's home while operating the Debtor's car in a negligent matter, causing

significant damage to her property.

The Complaint alleged two counts, both of which sounded in negligence and

neither of which referenced any intentional, willful or malicious conduct.  The matter was

sent to and decided by a panel of Arbitrators who found in Creditor Parker's favor on

November 1, 2017 and awarded her damages that date in the amount of $50,000.00;

that award was certified on January 12, 2018.  The award of $50,000.00 was made,

without commentary, by Arbitrators who did not issue a detailed set of factual findings

regarding the underlying automobile accident or Debtor Cave's acts or failures to act.

On February 24, 2018, Debtor Robert Cave filed a voluntary bankruptcy petition

pursuant to chapter 7 of the Bankruptcy Code (11 U.S.C. § 101 et seq.) in the United

States Bankruptcy Court for the Eastern District of Pennsylvania.  The $50,000.00 debt

to Creditor Stacia Parker was listed among the debts that were owed and for which

discharge was sought. After the first meeting of the Debtor's creditors on April 19, 2018,

Debtor's Chapter 7 Trustee, Terry Dershaw, certified that no distribution would be made

to creditors.  With that certification, Trustee Dershaw certified that the $50,000.00 debt

to Creditor Stacia Parker was dischargeable.

On or about June 1, 2018, Attorney Damien Nicholas Tancredi, Esquire, a

member of the law firm of Flaster Greenberg, filed an Adversary Complaint Objecting to

Dischargeability of Certain Debt Pursuant to Section 523(a)(6) of the Bankruptcy Code

(hereinafter "Adversary Complaint"), Adversary No.: 18 - 00127, on behalf of Creditor

Stacia Parker.  (Please see Exhibit "B", which is a copy of that Adversary Complaint.)

Attorney Tancredi contended in the Adversary Complaint, on behalf of Creditor Parker,

that:

> "10.    The Debtor's debts owed to the Plaintiff are not dischargeable pursuant to
> 11 U.S.C. § 523(a)(6) because they constitute willful and malicious injury
> to the Plaintiff's property.
>
> 11.    The Debtor's injury to the Plaintiff was willful because it was intentional
> and deliberate as the Debtor was undeniably aware that Semiyah was not
> covered by his insurance when he permitted her to drive his vehicle.
>
> 12.    The Debtor's injury to the Plaintiff was malicious because the
> Debtor was certain that Semiyah's accident would cause financial harm.
> The Debtor knew that he would not be able to pay damages that Semiyah
> caused by operating his vehicle but permitted his vehicle to still be
> operated by his daughter."

Attorney Tancredi electronically signed the Adversary Complaint and presented it

to the Court.

## IV.    Relevant Law

### A.    Federal Law

### 1.     **Statutory Law**:  **FRBP Rule 9011.**

**Rule 9011.** Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions

**(a) Signature**.  Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

**(b) Representations to the Court.**  By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; ...."

**(c) Sanctions.**

> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for

4

a violation committed by its partner, associate, or employee.

### 2.    Case Law

To be frivolous, a claim must rely on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke v. Williams, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989);  Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir.1989); Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir.1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. Neitzke v. Williams, supra at 324 (1989).

In In re Freeman, 540 BR 129 (Bankr.EDPa 2015), this Court disclosed that:

> "Rule 9011(b)(1) refers to the presentation of matters "for an improper purpose," giving as examples, "to harass or to cause unnecessary delay or needless increase in the cost of litigation." The examples are not exclusive. Sanctions may be imposed "for any improper purpose." 2-11 James Wm. Moore, Moore's Federal Practice § 11.11[8][a], at 11-33 (Matthew Bender 3d ed. 2015) ("Moore's"). For example, bringing a matter before the court for "a purpose other than ... to vindicate substantive or procedural rights or to put claims of a right to a proper test" is encompassed by Rule 9011(b)(1). In re Jazz Photo Corp., 312 B.R. 524, 539-40 (Bankr. D.N.J.2004) (quotation and citation omitted); see also Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) (lawsuit filed to compel a judge to recuse himself in a different case).
>
> As counterintuitive as it might seem initially, the determination of "improper purpose" also is based on an objective standard. See, e.g., Lieb v. Topstone Indus., Inc., 788 F.2d 151, 157 (3d Cir. 1986). Essentially, this means that the propriety of the purpose is measured objectively and the offending party or attorney cannot escape liability because he or she subjectively did not intend to cause harm (e.g., harass the opposing party, delay the proceedings or impose unnecessary litigation costs or any other improper purpose).
>
> Rule 9011(b)(2) attacks litigation abuse from a different direction. It imposes the requirement that an attorney or pro se party conduct a "reasonable inquiry" prior to presenting a claim or defense to the court and have a reasonable

basis to assert that the claim or defense is "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law."

> The evaluation whether a claim or defense is warranted or supported by a nonfrivolous argument also is measured by an objective standard. E.g., <u>Martin v. Brown</u>, 63 F.3d 1252, 1264 (3d Cir.1995) (citation omitted). Specifically, in evaluating whether Rule 9011(b)(2) has been satisfied or violated, the court must employ (139 *139) "an objective standard of reasonableness under the circumstances." <u>Martin</u>, 63 F.3d at 1264 (quotations and citations omitted); see also Wright & Miller § 1335 & n.9. No showing of bad faith is necessary. See, e.g., <u>Shine v. Bayonne Bd. of Educ.</u>, 2015 WL 5559842, at *3 (3d Cir. Sept. 22, 2015) (unpublished); Martin, 63 F.3d at 1264. The subjective state of mind of the offending attorney or party has no bearing. Rule 9011's objective standard eliminates any "empty-head pure-heart" justification for claims or arguments that lack a reasonable basis in fact and law. See, e.g., <u>Clement v. Pub. Serv. Elec. & Gas Co.</u>, 198 F.R.D. 634, 637 (D.N.J.2001).  At the risk of oversimplification, as one court put it, pro se parties and attorneys "are expected to take reasonable preparatory steps before filing pleadings or other papers." <u>Trustees of the Nat. Elevator Indus. Pension, Health Ben., Educ., Elevator Indus. Work Pres. Funds, Elevator Constructors Annuity & 401(K) Ret. Plan v. Access Lift & Serv. Co., Inc.</u>, 2015 WL 1456040, at *2 (E.D.Pa. Mar. 30, 2015)."

<u>In re Freeman</u>, 540 BR at 138, 139. In accord, <u>In re Redante</u>, 579 BR 354 (Bankr.

EDPa 2018).  In <u>In re Redante</u>, this Court wrote that:

> "Rule 9011(b) also requires that an attorney undertake "an inquiry reasonable under the circumstances" that the factual contentions have evidentiary support. Fed. R. Bankr. P. 9011(b)(3). "The concern of Rule 9011 is not the truth or falsity of the representation in itself, but rather whether the party making the representation reasonably believed it at the time to have evidentiary support." <u>In re Taylor</u>, 655 F.3d 274, 282 (3d Cir. 2011). Thus, with respect to factual representations made to the court, an attorney's conduct also is measured by an objective standard and Rule 9011 does not require that the attorney acted in bad faith. Id.; accord <u>Ario v. Underwriting Members of Syndicate 53 at Lloyds for 1998 Year of Account</u>, 618 F.3d 277, 297 (3d Cir. 2010), as amended (Dec. 7, 2010).

<u>In re Redante</u>, 579 BR at 362-363

## B.   Pennsylvania Law

### 1.   Statutory Law

Rule 1019. Contents of Pleadings. General and Specific Averments

6

(where relevant)

(a)  The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.

(b)  Averments of fraud or mistake shall be averred with particularity. Malice, intent, knowledge, and other conditions of mind may be averred generally.

## 2.    Case Law

Pennsylvania Rule of Civil Procedure 1019(a) provides that "[t]he material facts on which a cause of action or defense is based shall be stated in a concise and summary form." This rule has been construed to mean that the complaint must not only apprise the defendant of the claim being asserted, but it must also summarize the essential facts to support the claim.  Dickerson v. Brind Truck Leasing, 524 A.2d 908, 910 (Pa. Super. 1987).

Pennsylvania Rule of Civil Procedure 1019(a) rule requires a plaintiff to plead all the facts that must be proved in order to achieve recovery on the alleged cause of action.  Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products, Inc., 868 A.2d 624 (Pa. Cmwlth. 2005).

"In this Commonwealth, the pleadings must define the issues and thus every act or performance essential to that end must be set forth in the complaint.  Santiago v. Pennsylvania National Mutual Casualty Insurance Co., 418 Pa.Super. 178, 185, 613 A.2d 1235, 1238 (1992).

## V.    Argument

### A.    Violation of FRBP 9011(b)(1)

In re Freeman, supra, this Court disclosed that:

7

"Rule 9011(b)(1) refers to the presentation of matters "for an improper purpose," giving as examples, "to harass or to cause unnecessary delay or needless increase in the cost of litigation." The examples are not exclusive. Sanctions may be imposed "for any improper purpose." 2-11 James Wm. Moore, Moore's Federal Practice §11.11[8][a], at 11-33 (Matthew Bender 3d ed. 2015) ("Moore's"). For example, bringing a matter before the court for "a purpose other than ... to vindicate substantive or procedural rights or to put claims of a right to a proper test" is encompassed by Rule 9011(b)(1). In re Jazz Photo Corp., 312 B.R. 524, 539-40 (Bankr. D.N.J.2004) (quotation and citation omitted); see also Chu v. Griffith, 771 F.2d 79, 81 (4th Cir.1985) (lawsuit filed to compel a judge to recuse himself in a different case).

In re Freeman, supra, 540 BR at 138.

In advancing the Adversary Complaint to the Court, Attorney Tancredi, in essence, asserted that because the Debtor must have known that his daughter was not covered by his insurance when he allowed her to drive his car (Para. 11), the Debtor was certain that his daughter would cause physical harm and financial harm to Plaintiff that his insurance would not cover (Para. 12); therefore, his actions were willful and malicious within the meaning of 11 U. S. C §523(a)(6).  The argument suggests that Defendant Cave deliberately sent his daughter out in his car knowing that she would harm someone, but that his insurance would not cover the damage.

This argument is preposterous.  It asserts facts that do not support an arguable claim. It is indisputably a meritless legal theory advancing a clearly baseless, fantastic and delusional factual scenario. Neitzke v. Williams, supra; Wilson v. Rackmill, supra; Deutsch v. United States, supra.

As such, Attorney Tancredi's actions violate FRBP 9011(b)(1).

### B.   Violation of FRBP 9011(b)(2)

In re Freeman, supra, this Court also disclosed that:

A violation of Rule 9011(b)(2) occurs when an attorney asserts an

erroneous application or statement of the law, even if the attorney genuinely believes the proffered contention to be true:

> The evaluation whether a claim or defense is warranted or supported by a non - frivolous argument also is measured by an objective standard. Specifically, in evaluating whether Rule 9011(b)(2) has been satisfied or violated, the court must employ an objective standard of reasonableness under the circumstances. No showing of bad faith is necessary. The subjective state of mind of the offending attorney or party has no bearing. Rule 9011's objective standard eliminates any "empty-head pure-heart" justification for claims or arguments that lack a reasonable basis in fact and law.

In re Freeman, supra, 540 B.R. at 138-39.

Under Rule 9011(b)(2), it is incumbent upon an attorney to conduct a reasonable research into the law underlying an anticipated claim.  Here, Attorney Tancredi should have determined that, in Pennsylvania, the issues are framed by the pleadings.  Pa. R. Civ. Proc. 1019(a) Dickerson v. Brind Truck Leasing, supra; Commonwealth ex rel. Pappert v. TAP Pharmaceutical Products, Inc., supra; Santiago v. Pennsylvania National Mutual Casualty Insurance Co., supra. He should have understood that allegations of malice, intent or willfullness could be alleged in the pleadings.  Pa. R. Civ. Proced. 1019(b).

Seeing that the pleadings alleged in the Adversary Complaint contain only claims of negligence, and the pleadings were clearly lacking any allegations or suggestions of intentional conduct, malice or willfullness, Attorney Tancredi should have understood that there was no basis or justification for advancing an Adversary Complaint claiming, for the first time in this Bankruptcy Court, that Debtor Cave's actions were malicious or willful, claims that had not been advanced in the state court action.  It is not reasonable to attempt to advance for the first time claims in this Bankruptcy that had not been

raised or suggested in the state court action.  In re Freeman, supra.

As such, Attorney Tancredi's actions violate FRBP 9011(b)(2).

### C.     Violation of FRBP 9011(b)(3)

In re Redante, supra, the Court wrote that:

"Rule 9011(b) also requires that an attorney undertake "an inquiry reasonable under the circumstances" that the factual contentions have evidentiary support. Fed. R. Bankr. P. 9011(b)(3). "The concern of Rule 9011 is not the truth or falsity of the representation in itself, but rather whether the party making the representation reasonably believed it at the time to have evidentiary support." (Citation omitted)"

In re Redante, supra, 579 BR at 362.

Similarly, Attorney Tancredi should have discovered and appreciated that, where the state court matters were decided by arbitrators who did not make detailed findings of fact, and where those arbitrators would not have considered or looked for intentional conduct since none was alleged, there were no state court factual findings upon which to base claims of willful and malicious conduct' there was no evidentiary support for claims of willfulness or malice.  Id.

As such, Attorney Tancredi's actions violate FRBP 9011(b)(3).

## VI.     Conclusion

In signing and filing a frivolous, meritless *Complaint Objecting to Dischargeability of Certain Debt Pursuant to Section 523(a)(6) of the Bankruptcy Code* that had no legal or factual basis, Damien Nicholas Tancredi, Counsel for Creditor Stacia Parker, violated FRBP 9011(b)(1) - (3).  As such, appropriate sanctions should be imposed.

Respectfully submitted,

/s/ Demetrius J. Parrish, Jr.

Demetrius J. Parrish, Esquire
Attorney for Defendant, Robert Cave
7715 Crittenden Street, #360
Philadelphia, Pa. 19118
(215) 735 – 3377/(215) 827 – 5420 fax
Email: djpbkpa@gmail.com

# EXHIBIT "A"

USTED ESTA ORDENADO COMPARECER EN PERSONA AL TRIBUNAL, 880 City Hall 21.  at 09:15 AM - 08/16/2017
You must still comply with the notice below. USTED TODAVIA DEBE CUJPLIR CON EL AVISO PARA DEFENDERSE.
This matter will be heard by a Board of Arbitrators at the time, date and place specified but, if one or more parties is not present
at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties.
There is no right to a trial denovo on appeal from a decision entered by a Judge.

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED.

Filed and Attested by the
Office of Judicial Records
15 NOV 2016 09:34 am
M. BRYANT

LAW OFFICES OF GEOFFREY B. GOMPERS & ASSOCIATES, P.C.
By: Geoffrey B. Gompers, Esquire
Identification No.: 42018
Two Penn Center Plaza
Suite 1850
Philadelphia, PA 19102
Attorney for Plaintiff

| | | |
|---|---|---|
| STACIA PARKER | : | PHILADELPHIA COUNTY |
| 6900 Wister Avenue | : | COURT OF COMMON PLEAS |
| Philadelphia, PA 19138 | : | |
| | : | |
| *Plaintiff* | : | NOVEMBER TERM, 2016 |
| | : | |
| vs. | : | NO: |
| | : | |
| SEMIYAH CAVE | : | |
| 740 E. Haines Street | : | |
| Philadelphia, PA 19144 | : | |
| | : | |
| and | : | |
| | : | |
| ROBERT CAVE | : | |
| 740 E. Haines Street | : | |
| Philadelphia, PA 19144 | : | |
| | : | |
| *Defendants* | : | |

## **NOTICE TO DEFEND**

NOTICE                                                                                   AVISO

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
1101 MARKET STREET, 11TH FLOOR
PHILADELPHIA, PA 19107-2911
(215) 238-6333

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo a partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita a en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO IMMEDIATAMENTE. SI NO TIENE ABOGADO O SI NOTIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA A VERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENCIADOS DE FILADELFIA
Servicio De Referencia E Informacion Legal
1101 Market Street, 11th Floor
Filadelfia, PA 19107-2911
(215) 238-6333

Case ID: 161101056

THIS IS AN ARBITRATION MATTER;
ASSESSMENT OF DAMAGES HEARING
IS REQUIRED.

LAW OFFICES OF GEOFFREY B. GOMPERS & ASSOCIATES, P.C.
By:  Geoffrey B. Gompers, Esquire
Identification No.: 42018
Two Penn Center Plaza
Suite 1850
Philadelphia, PA  19102
Attorney for Plaintiff

|  |  |  |
|---|---|---|
| STACIA PARKER<br>6900 Wister Avenue<br>Philadelphia, PA 19138 | : | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS |
|  | : |  |
| *Plaintiff* | : | NOVEMBER TERM, 2016 |
|  | : |  |
| vs. | : | NO: |
|  | : |  |
| SEMIYAH CAVE<br>740 E. Haines Street<br>Philadelphia, PA 19144 | : |  |
|  | : |  |
| and | : |  |
|  | : |  |
| ROBERT CAVE<br>740 E. Haines Street<br>Philadelphia, PA 19144 | : |  |
|  | : |  |
| *Defendants* | : |  |

## CIVIL ACTION COMPLAINT

Plaintiff, Stacia Parker by and through her attorney, Geoffrey B. Gompers, Esquire, hereby state the following:

1.      Stacia Parker ("Parker") is an adult individual residing at 6900 Wister Avenue, Philadelphia, PA 19138.

2.      At all times relevant hereto, Plaintiff, Parker was the owner of the property at 6900 Wister Avenue, Philadelphia, PA 19138.

Case ID: 161101056

3.      Defendant, Semiyah Cave resides at 740 E. Haines Street, Philadelphia, PA 19144.

4.      Defendant, Robert Cave is an adult individual residing at 740 E. Haines Street, Philadelphia, PA 19144 and on information and belief, the father of Defendant. Semiyah Cave.

5.      On or about January 5, 2015, Defendant, Semiyah Cave was the permissive operator of a 2012 Dodge Charger owned by Defendant, Robert Cave.

6.      On or about January 5, 2015, Defendant, Semiyah Cave operated the vehicle owned by Robert Cave in such a careless and negligent fashion so as to cause the vehicle to crash into and damage Plaintiff's property located at 6900 Wister Avenue causing damage.

## COUNT I
## STACIA PARKER v. SEMIYAH CAVE

7.      Plaintiff, incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

8.      At the aforesaid time and place, Defendant, Semiyah Cave, operated Robert Cave's vehicle at a high speed in such a careless and negligent manner so as to cause it to come into violent contact with the home owned by Plaintiff.

9.      The negligence of the Defendant, Semiyah Cave includes, but is not limited to the following:

(a)      operating a motor vehicle in a careless and negligent manner;

(b)      failing to yield the right of way to the Plaintiff's house;

(c)      failing to take into account the safety of Plaintiff's home, prior to operating a motor vehicle in a careless manner;

10.    As a direct and proximate result of the collision as described aforesaid, Plaintiff's home sustained significant property and structural damage requiring repairs.

11.    As a direct and reasonable result of this accident, Plaintiff sustained damage for her home and unreimbursed repair bills.

12.    As a direct and reasonable result of this accident, Plaintiff may hereinafter incur other expenses for damage to her home.

WHEREFORE, Plaintiff, Stacia Parker, respectfully prays this Honorable Court to enter a judgment in her favor and against Defendant, Semiyah Cave in an amount not in excess of Fifty Thousand ($50,000) Dollars plus interests, costs.

## COUNT II
## STACIA PARKER v. ROBERT CAVE

13.    Plaintiff, incorporates by reference the preceding allegations as though the same were fully set forth herein at length.

14.    At the aforesaid time and place, Defendant, Semiyah Cave, operated Robert Cave's vehicle at a high speed in such a careless and negligent manner so as to cause it to come into violent contact with the home owned by Plaintiff.

15.    The negligence of the Defendant, Robert Cave includes, but is not limited to the following:

(a)    negligent entrustment;

(b)    failing to abide by the statutes, regulations and ordinances of this Commonwealth governing the operation of motor vehicles.

16.    As a direct and proximate result of the collision as described aforesaid, Plaintiff's home sustained significant property and structural damage requiring repairs.

17.     As a direct and reasonable result of this accident, Plaintiff incurred unreimbursed repair bills.

18.     As a direct and reasonable result of this accident, Plaintiff may hereinafter incur other expenses for damage to her home.

WHEREFORE, Plaintiff, Stacia Parker, respectfully prays this Honorable Court to enter a judgment in her favor and against Defendant, Robert Cave in an amount not in excess of Fifty Thousand ($50,000) Dollars plus interests, costs.

GEOFFREY B. GOMPERS & ASSOC.

By:  ___/s/ Geoffrey B. Gompers_____
        GEOFFREY B. GOMPERS, ESQUIRE

## VERIFICATION

STACIA PARKER states that she is the Plaintiff named within; that she is acquainted with the facts set forth in the foregoing COMPLAINT; that the same are true and correct to the best of her knowledge, information and belief; and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

Dated: _November 9, 2016_

_____
STACIA PARKER

Case ID: 161101056

**EXHIBIT "B"**

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>Robert N. Cave,<br><br>Debtor | Chapter 7<br><br>Case No. 18-11235-elf |
| Stacia Parker<br><br>Plaintiff,<br><br>v.<br><br>Robert N. Cave<br><br>Defendant. | Adv. No. _____ |

## COMPLAINT OBJECTING TO DISCHARGEABILITY OF CERTAIN DEBT PURSUANT TO SECTION 523(a)(6) OF THE BANKRUPTCY CODE

Stacia Parker ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint Objecting to Dischargeability of Certain Debt Pursuant to 11 U.S.C. § 523(a)(6) of the Bankruptcy Code and respectfully states as follows:

### Background

1.      On November 15, 2016, the Plaintiff initiated an action against the Debtor and Semiyah Cave ("Semiyah"), Robert Cave's (the "Debtor") daughter in the Philadelphia County Court of Common Pleas (the "Philadelphia Action").  The Philadelphia Action had a case identification number of 161101056.

2.      The Plaintiff sought damages in the Philadelphia Action stemming from a motor vehicle accident in which Semiyah struck the Plaintiff's home while operating a vehicle owned

by the Debtor in a negligent matter and at a high rate of speed, causing significant damage to her

property.

3.     On November 1, 2017, the Plaintiff secured an arbitration award against the

Debtor and Semiyah in the amount of $50,000.00 (the "Award") in the Philadelphia Action.  The

Award was certified on January 12, 2018.

4.     The Debtor did not add Semiyah as an insured driver on his liability insurance,

but still expressly permitted Semiyah to drive his vehicle. The Debtor was aware that anyone

damaged by Semiyah's use of his vehicle would not be compensated through insurance.  In fact,

immediately after the accident, the Debtor arrived on the scene of the accident and

acknowledged that Semiyah was not an insured driver while offering to pay the Plaintiff for the

damage to her home.

5.     The Debtor negligently entrusted his uninsured vehicle to Semiyah.

6.     Neither the Debtor nor Semiyah have paid the Plaintiff any portion of the award,

and the Plaintiff's home remains significantly damaged to this day.

7.     On February 24, 2018, in what appears to be an effort to block the Plaintiff's

recovery of the Award, the Debtor filed a voluntary bankruptcy petition pursuant to chapter 7 of

the Bankruptcy Code (11 U.S.C. § 101 et seq.) in the United States Bankruptcy Court for the

Eastern District of Pennsylvania.

8.     The Debtor's first meeting of creditors was completed on April 19, 2018, and on

the same date, Terry Dershaw, the chapter 7 trustee, certified that no distribution would be made

to creditors.

**First Count**
**Objection to Discharge Pursuant to 11 U.S.C. § 523(a)(6)**

9.     The Plaintiff incorporates all preceding paragraphs as if fully restated herein.

6751250 v1

Case 18-00127-elf   Doc 1   Filed 06/01/18   Entered 06/01/18 23:29:48   Desc Main
Document   Page 22 of 22

10.     The Debtor's debts owed to the Plaintiff are not dischargeable pursuant to 11

U.S.C. § 523(a)(6) because they constitute willful and malicious injury to the Plaintiff's

property.

11.     The Debtor's injury to the Plaintiff was willful because it was intentional and

deliberate as the Debtor was undeniably aware that Semiyah was not covered by his insurance

when he permitted her to drive his vehicle.

12.     The Debtor's injury to the Plaintiff was malicious because the Debtor was certain

that Semiyah's accident would cause financial harm.  The Debtor knew that he would not be able

to pay damages that Semiyah caused by operating his vehicle but permitted his vehicle to still be

operated by his daughter.

**WHEREFORE**, the Plaintiff respectfully requests that this Court enter judgment in her

favor and against the Debtor determining the Plaintiff's claim against the Debtor is not

dischargeable pursuant to 11 U.S.C. § 523(a)(6), and granting such other and further relief as is

just and equitable under the circumstances.


Dated: June 1, 2018                          FLASTER/GREENBERG P.C.


                         By:     */s/ Damien Nicholas Tancredi*
                                 Harry J. Giacometti, Esq.
                                 Damien Nicholas Tancredi, Esq.
                                 1835 Market Street, Suite 1050
                                 Philadelphia, PA 19103
                                 Phone: (215) 587-5675
                                 damien.tancredi@flastergreenberg.com
                                 *Counsel to the Plaintiff, Stacia Parker*

6751250 v1